UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RED STAR CONSTRUCTION
GROUP, LLC,

      Plaintiff/Counter-Defendant,      Case No. 2:23-cv-12341

v.      Honorable Susan K. DeClercq
      United States District Judge

ODIN PROPERTIES, LLC,

      Defendant/Counter-Claimant.
_____/

**OPINION AND ORDER DISMISSING RED STAR'S COMPLAINT FOR FAILURE TO PROSECUTE**

In this contract-dispute case, Plaintiff Red Star Construction Group, LLC ("Red Star") accuses Odin Properties, LLC ("Odin") of breaching various construction contracts by not paying Red Star for its work. Odin filed a counterclaim, accusing Red Star of breaching by not completing work properly, timely, or at all. After three law firms withdrawing from representing Red Star and it being warned that failure to secure counsel could result in dismissal, Red Star has not retained counsel within the time allowed by this Court. Thus, for the reasons provided below, this Court will dismiss Red Star's complaint for failure to prosecute and comply with court orders. Odin's counterclaim, however, will continue, and Red Star must retain counsel in order to litigate this claim.

I. BACKGROUND

In September 2023, Red Star retained counsel at Kaufman Dolowich & Voluck, LLP, and file a complaint against Odin for breach of contract claims regarding construction projects throughout the Midwest. ECF No. 1. By August 2024, after Red Star received several extensions for discovery, ECF Nos. 19–21, its counsel moved to withdraw because Red Star "failed to pay [counsel's] outstanding legal invoices" and counsel had "been unable to effectively communicate with" Red Star, ECF No. 22 at PageID.203. This Court granted the motion and stayed the case for 30 days to allow Red Star time to retain new counsel. ECF No. 23.

On September 19, 2023, Cohen Lerner & Rabinovitz appeared as Red Star's new counsel. ECF No. 26. But after approximately five months and another motion by Red Star to extend discovery 60 days, ECF No. 31, Red Star's counsel moved to withdraw due to "a breakdown in the attorney-client relationship" in which Red Star had "rendered representation unreasonably difficult," ECF No. 32 at PageID.250–51.

This Court granted the motion to withdraw but found that the 60-day discovery extension was not warranted because "Red Star already received a significant extension of time due to its first change of counsel, and [sought] more time based on its inability to communicate effectively with its attorneys. Moreover, an extension of the discovery deadline [was] not reasonable as Red Star [had] not

been diligent in conducting discovery even after being granted additional time." ECF No. 35 at PageID.260. Accordingly, Red Star was given 30 days to retain new counsel, and it was warned that failure to do so would lead to its case being dismissed for failure to prosecute. *Id.* at PageID.260–61. On April 2, 2025, Red Star retained counsel at Clark Hill, PLC ("Clark Hill"). ECF Nos. 37; 38.

In July 2025, both parties filed motions for summary judgment. ECF Nos. 42; 43. In November 2025, this Court denied Red Star's motion and partially denied Odin's motion. ECF No. 50. Shortly thereafter on December 8, 2025, Red Star's counsel moved to withdraw from representation based on financial and communication problems with Red Star. ECF No. 52.

On December 18, 2025, this Court held a hearing on the motion and required Red Star's representative, Darko Martinovski, to be present. ECF No. 55. When this Court asked Martinovski why this was the third time that his representation sought to withdraw, Martinovski claimed that he fired the previous two law firms "because they were incompetent," but that there was no irreconcilable issue with his current counsel. In Martinovski's opinion, his counsel was simply angry at him for contesting their legal billing, and he demanded that this Court compel Clark Hill to continue representing Red Star. This Court explained that it would not do so, finding instead that it was satisfied there was a material breakdown in the attorney-client relationship between Red Star and its counsel. *See* E.D. Mich. LR 83.25(b)(2).

On December 23, 2025, this Court granted the motion to withdraw and ordered Red Star to retain counsel in 30 days. ECF No. 56 at PageID.1189. This Court warned Red Star at the hearing and in the Order "that failure to secure counsel in time could lead to a dismissal of the case for failure to prosecute" because corporations must be represented by an attorney. *Id.* at PageID.1188. But Red Star has not secured counsel.

## II. LEGAL STANDARD

Civil Rule 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008). Although not expressly stated in the Rule, "it is well-settled that the district court can enter" an order of dismissal under this Rule *sua sponte*. *See Rogers v. City of Warren*, 302 F. App'x 371, 375 n. 4 (6th Cir. 2008). Courts may dismiss actions under Civil Rule 41(b) where a corporation has failed to retain counsel. *See Unlucky Films Inc. v. Red Hawk Films, Inc.*, No. 2:24-CV-10149, 2025 WL 2997862, at *4 (E.D. Mich. Oct. 23, 2025).

To determine whether dismissal under Civil Rule 41(b) is appropriate, district courts consider the following factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to

> cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer*, 529 F.3d at 737 (internal quotation marks and citation omitted); *see Unlucky Films*, 2025 WL 2997862, at *5 (drawing from the factors that the Sixth Circuit uses to evaluate "whether a district court's dismissal is justified" to make its own determination of whether to dismiss a case for the plaintiff's failure to retain counsel).

For the first factor, "[a] party's conduct is motivated by bad faith, willfulness, or fault if it displays either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings," such as not compensating counsel. *United States ex rel. Oakes v. Cinnaire*, No. 20-1067, 2023 WL 5095977, at *3 (6th Cir. Aug. 9, 2023) (citation modified) (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)); *see also Unlucky Films*, 2025 WL 2997862, at *5 (finding that the plaintiff's conduct was willful in part because of "its failure to compensate counsel"). For the second factor, a party's conduct is prejudicial to the adversarial party where the conduct is recurrent and impedes the process of the case. *See Unlucky Films*, 2025 WL 2997862 at *5; *see also Shafer*, 529 F.3d at 737 (holding that a defendant is prejudiced where it "waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide").

For the third factor, putting a party on notice that failure to retain counsel could result in a dismissal can take the form of explicit language in an order. *See Khatri Est. v. Dearborn Public Schs.*, No. 4:23-cv-12930, 2025 WL 2427196, at *9 (E.D. Mich. July 31, 2025) (explicating warning the plaintiffs in an order that they would be dismissed if they did not retain counsel for their minor child within 30 days' time), *report and recommendation adopted by* 2025 WL 2408791 (Aug. 20, 2025). For the fourth factor, imposing or considering less drastic sanctions can include "admonishment as a form of sanction to deter [the plaintiff] from repeating the conduct." *Unlucky Films*, 2025 WL 2997862, at *5; *see also Cinnaire*, 2023 WL 5095977, at *4 ("[A plaintiff's] continuous filings and demonstrated unresponsiveness to the court's admonitions certainly qualifies as 'contumacious conduct.'"). And where a party "has engaged in 'bad faith or contumacious conduct,'" a dismissal may be imposed. *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 367 (6th Cir. 1997) (quoting *Harris v. Callwood*, 844 F.3d 1254, 1256 (6th Cir. 1988)).

### III. ANALYSIS

Given the circumstances, this Court finds that dismissing Red Star's complaint for failing to retain counsel is appropriate under Civil Rule 41(b).

First, Red Star's conduct is plainly willful, as evident by its sole member, Martinovski's, statements at the hearing that he fired the previous two law firms

"because they were incompetent" and his most recent counsel was simply angry at Martinovski for contesting his bill. *See Unlucky Films*, 2025 WL 2997862, at *5; *see also Cinnaire*, 2023 WL 5095977, at *4.

Second, Odin has been prejudiced by Red Star's conduct because Red Star has demonstrated a pattern of conflict with his representation, which has caused substantial delays in a case that is nearly 2.5 years old and has not yet gone to trial. *See Unlucky Films*, 2025 WL 2997862, at *5; *see also Khatri*, 2025 WL 2427196, at *9 (finding that the defendants were prejudiced by the plaintiff's failure to retain counsel for the minor children because the defendants had to waste "time and attorney fees by filing repeated motions to dismiss" a case that did not comport with representation requirements).

Third, this Court has expressly notified Red Star twice that as a corporation, it must retain counsel and that failure to retain new counsel could lead to dismissal. *See* ECF Nos. 35 at PageID.260–61; 56 at PageID.1187–89; *see also Khatri*, 2025 WL 2427198, at *9.

Fourth, this Court has admonished Red Star repeatedly about needing to comply with court orders and be cooperative, but its unwillingness to comply this time reflects a contumacious attitude, as Martinovski showed at the hearing when he remarked that securing new counsel within 30 days would be impossible, that this Court should compel Clark Hill to continuing representing Red Star, and that this

- 7 -

Court was being unfair and prejudicial to him by allowing his counsel to withdraw. *See Cinnaire*, 2023 WL 5095977, at *4. But Red Star was able to secure new counsel in 30 days twice before when it was ordered to do so. *See* ECF Nos. 23; 26; 35; 37; 38. Therefore, Red Star's refusal to comply this time reflects "bad faith [and] contumacious conduct," and a lesser sanction would be fruitless. *See Harmon*, 110 F.3d at 367; *see also Khatri*, 2024 WL 2427196, at *10 (finding that imposing or considering less drastic sanctions "would be fruitless, taking into consideration that [the plaintiffs had been informed as to] what steps they need to have taken, and that [the] Plaintiffs have disregarded or ignored those instructions").

In sum, all four factors weigh in favor of dismissing Red Star's complaint for its failure to prosecute and comply with court orders to retain counsel. For these reasons, this Court will dismiss Red Star's complaint with prejudice. But Odin's counterclaim will continue, and Red Star must retain counsel to litigate this claim.

### IV. CONCLUSION

Accordingly, it is **ORDERED** that Red Star's Complaint is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**This is not a final order and does not close the above-captioned case.**

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: January 30, 2026